United States District Court
Southern District of Texas
**ENTERED**
January 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE GOLLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-20-71 |
| | § | |
| NOVO NORDISK, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Novo Nordisk's Motion for Temporary Restraining Order and Preliminary Injunction (Document No. 10). Having considered the motion, submissions, representations made at a hearing on January 22, 2020, and applicable law, the Court determines the motion for a temporary restraining order should be denied.

This lawsuit involves an alleged breach of a covenant not to compete. Plaintiff Julie Golla ("Golla") is a former employee of Defendant Novo Nordisk Inc. ("Novo"). In October 2018, Novo hired Golla as Senior Hemophilia Therapy Manager to handle sales throughout Texas, New Mexico, Oklahoma, and Louisiana (the "Southwest Territory"). Upon hiring Golla, Novo and Golla executed the Confidentiality, Non-Compete and Employee Invention Agreement (the "Non-Compete Agreement"). On January 7, 2020, Golla allegedly sent Novo a

resignation notice indicating Golla intended to begin working for Third-Party Defendant BioMarin Pharmaceutical Inc. ("BioMarin"). Novo alleges BioMarin is a potential competitor and by going to work for BioMarin, Golla will be in breach of the covenant not to compete. Novo further alleges Golla entered into a settlement agreement with Novo not to work for BioMarin after filing Golla's lawsuit and has since breached the settlement agreement. Golla disputes Novo's allegations.

On January 8, 2020, Golla filed this lawsuit against Novo, seeking a declaratory judgment that Golla's position with BioMarin would not breach the covenant not to compete. On January 21, 2020, Novo: (1) asserted counterclaims against Golla for breach of the covenant not to compete and breach of an alleged settlement agreement between the parties; and (2) asserted a third-party complaint against BioMarin for tortious interference. The same day, Novo moved for a temporary restraining order ("TRO") and preliminary injunction. On January 22, 2020, the Court held a hearing on the motion for a TRO.

Novo moves to restrain Golla from disclosing or using confidential information of Novo, restrain Golla from working for BioMarin for one year from the time of her termination, and to restrain BioMarin from interfering with contractual obligations owed by Novo employees to Novo. Whether to grant or deny a TRO is within the Court's discretion. *Moore v. Brown*, 868 F.3d 398, 402

(5th Cir. 2017). A TRO may issue if an applicant shows, *inter alia*, a substantial threat of irreparable injury. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). Based on the motion, submissions, representations made at the hearing on January 22, 2020, and applicable law, the Court finds Novo fails to demonstrate a substantial threat of irreparable injury at this procedural stage. Thus, the motion is denied as to Novo's request for a TRO. Accordingly, the Court hereby

**ORDERS** that Novo Nordisk's Motion for Temporary Restraining Order and Preliminary Injunction (Document No. 10) is **DENIED IN PART.** The motion is denied as to the temporary restraining order. The Court defers ruling on the motion as to the request for a preliminary injunction until after a hearing for the preliminary injunction is conducted. The Court further

**ORDERS** that the parties are to file requests for expedited discovery associated with the pending motion for a preliminary injunction, if they wish to do so, by 5:00 p.m. on January 28, 2020.

SIGNED at Houston, Texas, on this 24 day of January, 2020.

DAVID HITTNER
United States District Judge